IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET ZELL, | ) |
|         Plaintiff, | ) |
| v. | ) Civil Action No. 04-146 |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) |
|         Defendant | ) |

MEMORANDUM ORDER

CONTI, District Judge

### *Introduction*

This is an appeal from the final decision of the Commissioner of Social Security ("defendant" or "Commissioner") denying the claim of Margaret Zell ("plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401-433. Plaintiff asserts that the decision of the Administrative Law Judge ("ALJ") should be reversed because it is not supported by substantial evidence. The parties filed cross-motions for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. The court will deny plaintiff's motion, and grant defendant's motion for summary judgment because the decision of the ALJ is supported by substantial evidence.

### *Procedural History*

Plaintiff protectively filed for DIB on June 30, 2002, alleging disability since October 2, 2001. After a hearing held on August 12, 2003, the ALJ denied plaintiff's claim on August 29, 2003. The Appeals Council subsequently denied plaintiff's request for review, making the

ALJ's denial of benefits the final decision of the Commissioner.  Plaintiff filed this civil action seeking judicial review of the Commissioner's decision.

## *Standard of Review*

Congress provides for judicial review of a Commissioner's decision to deny a claimant benefits.  42 U.S.C. § 405(g).  When reviewing an administrative law judge's determination adopted by the Commissioner, this court is bound to affirm the Commissioner's findings if supported by substantial evidence.  See Podedworny v. Harris, 745 F.2d 210, 217 (3d Cir. 1984).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate.  Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995).  Obviously, this standard of review is highly deferential.

## *Discussion*

To make a disability determination under the SSA, the administrative law judge must engage in a five-step sequential evaluation.  20 C.F.R. § 416.920.  The evaluation consists of the following phases: (1) whether the plaintiff is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the claimant's severe impairment meets or equals the criteria of an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if not, whether the plaintiff's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy in light of his age, education, work experience, and residual functional capacity.  See 20 C.F.R. §§ 404.1520, 416.920; Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000).

Here, the ALJ found: (1) plaintiff has not engaged in any substantial gainful activity since October 2, 2001, the alleged onset of her disability; (2) plaintiff's medical impairments are

severe; (3) those impairments do not meet or equal any of the listings in the regulatory appendix; (4) plaintiff cannot perform her prior work; and (5) plaintiff can perform other jobs existing in significant numbers in the national economy. (Tr. at 15-23).

In disputing these conclusions, plaintiff raises two arguments. First, plaintiff argues the ALJ erred in excluding or assigning minimal probative value to treating physician evidence of record. Second, plaintiff argues the ALJ's decision is based upon a defective hypothetical which did not adequately reflect plaintiff's limitations. Defendant, however, asserts that the ALJ's decision is supported by substantial evidence.

### I. The ALJ Properly Weighed the Medical Evidence of Record.

Plaintiff alleges disability due to multiple physical and mental impairments. The medical evidence of record, however, does not identify any specific physical or mental limitations that would prevent plaintiff from performing the jobs identified by the vocational expert. Plaintiff focuses on the treating physician evidence of record. To be entitled to controlling weight under the regulations, a treating physician's opinions must be consistent with the other evidence of record, and well-supported with clinical and examination findings. 20 C.F.R. § 404.1527(d)(3)-(4). Dr. Susco, plaintiff's treating psychiatrist from January 2000 through August 2002, consistently wrote in office notes that plaintiff's prognosis was "fair" with few or no side effects from medication. (Tr. at 153-84, 242-65, 271-78). In addition, Dr. Susco's office notes fail to document clinical and examination findings to support a ruling that plaintiff either suffers from disabling symptoms or has work limitations.

Furthermore, Dr. Susco's findings are not consistent with the other evidence of record. Plaintiff moved to Pennsylvania in 2002, which required her to leave the care of Dr. Susco. In Pennsylvania, plaintiff's new treating physicians noted only mild to moderate symptoms from

her mental impairments. (Tr. at 304-09, 312, 315).  An administrative law judge may weigh the medical opinions and choose between those in conflict.  Plummer v. Apfel, 186 F.3d 422, 430 (3d Cir. 1999).  In so doing, the administrative law judge must explain why he credits one report over another.  Reefer v. Barnhart, 326 F.3d 376, 382 (3d Cir. 2003) .  Here, the ALJ discussed the contradicting medical evidence, the plaintiff's positive response to medical treatment, and the plaintiff's activities of daily living.  The ALJ provided reasoning as to why he accorded the medical opinions greater or lesser weight.  As a result, the ALJ did not err in the weight afforded to Dr. Susco's medical opinion.

Plaintiff also argues that the ALJ failed to discuss Dr. Susco's opinions of disability rendered on three occasions.  In December 2001, Dr. Susco's office notes stated that plaintiff "may not be able to go back to the job she was doing at this point." (Tr. at 243) (emphasis added).  In January 2002, when plaintiff was looking into a job as a teacher's assistant,  Dr. Susco's office notes stated that he "continued to be reluctant about her ability to manage a job at this point."  (Tr. at 279).  Dr. Susco, however, stated in that same office note that "the teacher's assistant position may work" for plaintiff.  (Tr. at 279) (emphasis added).  In June 2003, ten months after Dr. Susco stopped treating plaintiff, he completed a loan discharge application stating plaintiff was unable to work since October 11, 2001.  This application was not before the ALJ[1], and this statement of disability was not supported by any explanation or medical documentation.[2]  (Tr. at 348).  Under those circumstances, a reversal or remand is not warranted.

---

[1]An administrative law judge's decision can only fairly be reviewed by a court based upon the evidence that was actually before the administrative law judge at the time he made his decision.  Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001).

[2]New evidence may warrant a remand.  To be entitled to a "new evidence" remand, plaintiff must demonstrate that the additional evidence is "new" and "material" and also provide

Dr. Susco's statements of disability are vague and equivocal at best. Even assuming that Dr. Susco's statements of disability were not equivocal, a treating physician's opinion on the issue of whether a claimant is unable to work does not bind the Commissioner; that decision is solely the responsibility of the administrative law judge. 20 C.F.R. § 416.927(e)(1)-(3). In addition, the court in Adorno v. Shalala, 40 F.3d 43, 47-8 (3d Cir. 1994), held that a treating physician's opinion that claimant is disabled or unable to work is not dispositive. When a doctor's opinion is inconsistent or unsupported by the record, the administrative law judge can give such an opinion less weight. 20 C.F.R. § 416.927(d)(3)(4). Therefore, the ALJ did not err in determining the weight he afforded to the treating physician's opinions. Substantial evidence supports the ALJ's analysis of the medical opinions.[3]

## II. Hypothetical Adequately Addressed Plaintiff's Impairments

Plaintiff claims that the ALJ failed to address adequately the plaintiff's impairments in the hypothetical posed to the vocational expert. When an administrative law judge poses a hypothetical to a vocational expert, that hypothetical must include all of the plaintiff's impairments that are supported by the record. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). If the hypothetical does not include all of the plaintiff's impairments, then the hypothetical is deficient and the vocational expert's response cannot be considered substantial

---

"good cause" for failing to provide such evidence in to the record in a prior proceeding. Matthews, 239 F.3d at 592-94. Plaintiff did not present any arguments to meet the standards for a new evidence remand.

[3]Another basis for upholding the ALJ's decision is that plaintiff failed to appear at two consultative exams. This issue was not addressed by the ALJ, but the regulations at 20 C.F.R. § 404.1518(a) explain that if a claimant fails to appear at a consultative examination and does not provide a good reason for refusing to attend, a claimant may be found to be not disabled.

evidence. Id. Further, a deficient hypothetical necessitates that the court remand to the Commissioner for further proceedings. Burns v. Barnhart, 312 F.3d 113, 118-19 (3d Cir. 2002).

The ALJ's hypothetical addressed all of plaintiff's limitations as supported by the record to include impairments from bladder urinary incontinence, sleep apnea, hearing loss, migraines, bipolar disorder, and depression/anxiety. The ALJ asked the vocational expert to assume a hypothetical person, who could perform medium work as that term is defined under the regulations, who could perform occupations which do not require fine hearing capability, or exposure to dangerous moving machinery and unprotected heights, who is limited to occupations which allow brief access to a restroom every two to two and one-half hours during the workday, and which can be performed while wearing an incontinence pad, and who is limited to simple, routine, repetitive tasks, not performed in a production or quota based environment, involving only simple, work-related decisions, and in general, relatively few work place changes, with occasional interaction with supervisors/co-workers, and no interaction with the public. (Tr. at 384-85).

The hypothetical posed by the ALJ reflected plaintiff's limitations from her physical and mental impairments. While plaintiff argues further restrictions should be considered in the hypothetical presented to the vocational expert, the ALJ did not find any other limitations to be relevant or pertinent to plaintiff's residual functional capacity. As addressed in the ALJ's opinion, the medical evidence does not show that plaintiff suffers from any other "severe impairments." The limitations asserted by plaintiff were not supported by the record as a whole.

Based upon a review of the record as a whole, the court concludes that the hypothetical posed to the vocational expert sufficiently included plaintiff's physical and mental impairments.

Therefore, a remand of this case is not warranted on the basis of an inadequate hypothetical presented to the vocational expert.

### *Conclusion*

Based upon the evidence of record, the parties' arguments and supporting documents filed in support and opposition thereto, this court concludes that substantial evidence supports the ALJ's finding that plaintiff is not disabled. The decision of the ALJ denying plaintiff's application for DIB is affirmed. Therefore, plaintiff's motion for summary judgment (Docket No. 6) is DENIED, and defendant's motion for summary judgment (Docket No. 8) is GRANTED.

IT IS ORDERED AND ADJUDGED that judgment is entered in favor of defendant, Jo Anne B. Barnhart, Commissioner of Social Security, and against plaintiff, Margaret Zell.

The clerk shall mark this case as closed.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

Dated: August 5, 2005

cc:   William J. Remaley
      Berger & Green
      5850 Ellsworth Avenue
      Suite 200
      Pittsburgh, PA 15232

      Ellen M. Fitzgerald
      United States Attorney's Office
      700 Grant Street
      Suite 400
      Pittsburgh, PA 15219